*E-filing*

Eric D. Houser (SBN 130079)
J. Owen Campbell (SBN 229976)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
ocampbell@houser-law.com

Attorneys for Defendant,
BARCLAYS CAPITAL REAL ESTATE, INC.
dba HOMEQ SERVICING,
erroneously sued herein as HOMEQ SERVICING INC.

*ORIGINAL FILED*
*AUG - 8 2008*
*RICHARD W. WIEKING*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ALLEN, | Case No.: **C08-03798** |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION BASED UPON DIVERSITY JURISDITION** |
| v. | **[28 U.S.C. § 1441(b)]** |
| HOMEQ SERVICING INC., | |
| Defendant. | **BY FAX** |

*ADR*

*JL*

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant BARCLAYS CAPITAL REAL

ESTATE, INC. dba HOMEQ SERVICING, erroneously sued herein as HOMEQ

SERVICING INC. ("Homeq"), hereby removes to this Court the above-captioned

action described further below:

---

NOTICE OF REMOVAL

1

1.     A complaint was filed in the Alameda County Superior Court on or about February 28, 2008, entitled <u>John Allen, et al. v. Homeq Servicing, Inc.</u>, Case No. RG08373829 (the "State Court Action").  True and correct copies of all pleadings in the State Court Action served on Homeq to date are attached hereto as **Exhibit A**.

2.     Homeq was served and/or received the summons and complaint on or after February 28, 2008.

3.     Homeq removed the case based upon Federal Question jurisdiction within 30 days of service and within one year from the filing of the complaint.

4.     Homeq filed a motion to dismiss, which was granted in part.  A true and correct copy of the order granting motion to dismiss is attached as **Exhibit B**. Plaintiff's Second Amended Complaint, filed July 17, 2008, dropped the claim for relief upon which Federal Question Jurisdiction had been based.  A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit C**. The District Court, the Honorable Maxine M. Chesney, remanded the action sua sponte by order dated July 22, 2008.  A true and correct copy of the order remanding the case is attached hereto as **Exhibit D**.

5.     Homeq now removes this action based upon Diversity jurisdiction, as it has become apparent within the last 30 days that the amount in controversy in this matter exceeds $75,000.00.  Removing an action a second time based upon

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\notice removal.2.doc

different grounds from the first removal is permissible. *Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir. 1991) ("A defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for removal") (citations omitted). 28 U.S.C. section 1447(d) only bars a second removal that is identical to the first removal. *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018, 1022 (N.D. Cal. 2003).

6.    Homeq is the only named defendant in this case. Accordingly, this removal is submitted without joinder by any other defendant.

7.    This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy likely exceeds the sum of $75,000.00, exclusive of interest and costs. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

8.    The Second Amended Complaint ("SAC") states that "Allen is, and at all times herein mentioned was, a resident of Alameda County, California." *See* SAC ¶ 1.

9.    Although the SAC alleges that "Homeq Servicing, Inc." is a California corporation, that allegation is incorrect. "Homeq Servicing" is a dba of

Barclays Capital Real Estate, Inc. ("Barclays"). Barclays is a Delaware corporation with its principal place of business in New York. *See* **Exhibit E** (true and correct printout from public records of the Delaware Division of Corporations website) & **Exhibit F** (true and correct printout from public records of the California Secretary of State identifying Barclays as a Delaware corporation). Homeq is not a citizen of California. Therefore, there is complete diversity of citizenship between the parties.

10.    Neither the initial complaint, the First Amended Complaint, nor the SAC contain a demand for a specific dollar amount. However, within the past 30 days, on July 14, 2008, Plaintiff executed and served by mail Plaintiff's Initial Disclosures. The initial disclosures itemize: "Plaintiff's damages are $218,000 in compensatory damages, plus punitive damages, attorney's fees, cost of suit, and other damages to be determined." That is, Plaintiff seeks approximately three times the jurisdictional minimum solely as compensatory damages, and in addition seeks attorneys' fees, costs, and punitive damages. Therefore, the amount in controversy exceeds $75,000.00. Further, as Plaintiff's initial disclosures – specifying the amount in controversy – were served on Homeq within the past 30 days, Homeq files this notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is

## SUMMONS
### (CITACION JUDICIAL)



FOR _____ (SOLO _____)

FILED ALAMEDA COUNTY

FEB 28 2008

CLERK OF SUPERIOR COURT
BY _Alphonsine Oates_
                    DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO) :*
HomeEq Servicing Inc., Does 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
John Allen, Lawrence Holliday

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda County Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* RG08373829 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shawn Ridgell                          Oakland, CA 94612
Ridgell & Lawlor LLP                   (510) 986-1300
2128 Broadway
DATE:  FEB 2 8 2008   PAT S. SWEETEN   Clerk, by _Alphonsine Oates_ , Deputy
*(Fecha)*                (Secretario)                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL — SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

Code of Civil Procedure §§ 412.20, 405

**SUMMONS**

EXHIBIT "A"

ALLEN - R&L-38

EXHIBIT A
PAGE 1 OF 16

*6195176*

1  Shawn Ridgell (State Bar No. 201179)
   RIDGELL & LAWLOR LLP
2  2128 Broadway
   Oakland, Ca 94612
3  (510) 986-1300

FILED ALAMEDA COUNTY

FEB 28 2008

CLERK OF THE SUPERIOR COURT

4  Attorneys for Plaintiffs JOHN ALLEN & LAWRENCE HOLLIDAY

DEPUTY

5

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                IN AND FOR THE COUNTY OF ALAMEDA

10                       (Unlimited Jurisdiction)

11  JOHN ALLEN, LAWRENCE          )   ACTION NO:    RG08373829
    HOLLIDAY                      )
12                                )   COMPLAINT FOR DAMAGES FOR
         Plaintiffs,             )   NEGLIGENT INTERFERENCE WITH
13                                )   PROSPECTIVE ECONOMIC
         v.                      )   ADVANTAGE & VIOLATION OF
14                                )   THE FAIR CREDIT BILLING ACT
    HOMEQ SERVICING INC.,         )   [15 U.S.C. §1666(a)(B)(ii), 12 CFR §226.13]
15  DOES 1 TO 50,                 )
                                  )
16       Defendant.              )
                                  )
17                                )
                                  )
18  _____ )

19       Plaintiffs John Allen and Lawrence Holliday ("Plaintiffs") allege:

20  1.      Plaintiffs, are, and at all times herein mentioned were, residents of Alameda

21  County, California.

22  2.      Defendant HomEq Servicing Inc. is, and at all times herein mentioned, was, a

23  corporation located in Sacramento, California, and organized and existing under the

24  laws of the State of California as a real estate loan company.

25  3.      Plaintiffs are ignorant of the true names and capacities of defendants sued herein

26  as DOES 1 TO 50, inclusive, and therefore sues these defendants by these fictitious

27  names. Plaintiffs will amend this complaint to allege their true names and capacities

28  when ascertained. Plaintiffs are informed and believe and thereon alleges that each of

EXHIBIT "A"

EXHIBIT A
PAGE 2 OF 10

1  the fictitiously named defendants is responsible in some manner for the occurrences

2  alleged in this complaint, and that plaintiffs' damages as alleged were proximately

3  caused by such defendants.

4  4.      In committing the acts alleged in this complaint, each defendant was the agent,

5  and employee of each other defendant and was acting within the scope of that agency

6  and capacity. The conduct of each defendant was ratified by each co-defendant.

7  5.      On or about February, 2007, Plaintiffs attempted to enter into an agreement with

8  Step One Real Estate to purchase a home located at 180 Johnston Road in Sacramento,

9  California, for approximately $429,000. The purchase of this home was contingent upon

10  Plaintiffs obtaining the necessary financing. Once Plaintiffs had purchased the property

11  at 180 Johnston Road, they were going to rent their current home located in Oakland,

12  California to tenants.

13  6.      On or about March 7, 2007, Plaintiffs were denied financing, and as a result of

14  the denial, were unable to purchase the home located at 180 Johnston Road. They were

15  denied financing because there was an entry on Plaintiff John Allen's credit report that

16  showed a delinquency on a loan that Defendant provided to Plaintiff. ("Hereinafter

17  referred to as "The Loan"). Defendant reported that the delinquency occurred on

18  November, 2006. Plaintiff entered into the loan contract with Defendant for the

19  purchase of his home in Oakland, California.

20  7.      The entry on Plaintiff John Allen's credit report concerning the loan was false.

21  Plaintiff John Allen did not miss any payments on his loan, and was not late on

22  making payments.  The loan had been paid in full since August 30, 2006.

23  8.      Plaintiff John Allen contacted Defendant on numerous occasions, by telephone

24  and by letter, in order to resolve the loan dispute. Defendant failed to respond to

25  Plaintiff's numerous communications.

26  9.      Defendant reported to the credit bureau that the loan was delinquent. Defendant

27  made no attempts to resolve the alleged loan delinquency prior to reporting the loan to

28                                          2

1  the credit bureaus. Defendants did not contact Plaintiffs regarding the loan prior to
2  reporting the loan as delinquent to the credit bureaus.
3  10.    On October 9, 2007, several months after Plaintiff John Allen requested that
4  Defendant correct its billing error concerning the loan, Defendant wrote to Plaintiff.
5  In the letter, defendant admitted that the loan was paid in full on August 30, 2006.
6  11.    As a direct result of the adverse information on Plaintiff's credit report that was
7  false, Plaintiff John Allen's credit rating was damaged. Plaintiffs have also been denied
8  lower interest rates on other loans, and have lost rental income for their home in
9  Oakland, California.

10                          **FIRST CAUSE OF ACTION**
                **(Negligent Interference with prospective economic advantage)**
11

12  12.    Plaintiff refers to and incorporates herein by reference paragraphs 1 through, 11
13  above.
14  13.    Defendant owed Plaintiffs a duty to accurately monitor and bill the loan.
15  Defendant also had a duty to refrain from reporting the loan as delinquent to the credit
16  bureaus until after it made attempts to resolve the loan with Plaintiff.
17  14.    Defendant breached this duty by incorrectly billing the loan account, erroneously
18  reporting the loan to the credit bureaus as delinquent, failing to correct the billing error,
19  and by reporting the loan to credit bureaus before attempting to resolve the loan with
20  Plaintiff.
21  15.    As a direct and proximate result of Defendant's negligence, Plaintiffs were
22  damaged in an amount according to proof at trial.
23       WHEREFORE, Plaintiffs request relief as hereinafter provided.

24                          **SECOND CAUSE OF ACTION**
                    **(Violation of the Fair Credit Billing Act)**
25

26  16.    Plaintiffs refer to and incorporates herein by reference paragraphs 1 through 15,
27  above.
28                                    3

1  17.　　Defendant violated the provisions of 15 U.S.C. §1666(a)(B)(ii) and Title 12,

2  §226.13 of the Code of Federal Regulations in connection with the loan in that

3  Defendant failed to timely respond to Plaintiff's inquiries to Defendant in efforts to

4  resolve the billing error. Defendants also erroneously reported the loan as delinquent,

5  to the credit bureaus before attempting to resolve any purported loan delinquencies with

6  Plaintiff.

7  18.　　As a result of the above mentioned violations of 15 U.S.C. §1666(a)(B)(ii) and

8  Title 12, §226.13 of the Code of Federal Regulations by Defendant, Plaintiffs are

9  entitled to recover from Defendant, the actual damages that Plaintiffs sustained pursuant

10  to 15 U.S.C. §1640(a)(1).

11  19.　　Under 15 U.S.C. §1640(a)(3), Plaintiffs are entitled to recover reasonable

12  attorney's fees and costs incurred in bringing this action in an amount to be determined

13  by the court.

14  　　　　WHEREFORE, Plaintiffs request relief as hereinafter provided

15  　　　　　　　　　　　　　　　**PRAYER**

16  　　　　WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

17  1.　　For actual damages, to be determined by the court;

18  2.　　For consequential damages;

19  3.　　For reasonable attorney's fees;

20  4.　　For costs of suit herein incurred; and

21  5.　　For any and all other relief that is just and proper.

22  Dated: February 28, 2008　　　　　　　　RIDGELL & LAWLOR LLP

23

24

25  　　　　　　　　　　　　　　By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　Shawn Ridgell
26  　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

27

28  　　　　　　　　　　　　　　　　4

*(Second Amended)*

SUM-100

## SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
HOMEQ SERVICING INC, DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
JOHN ALLEN

ENDORSED
FILED
ALAMEDA COUNTY

MAR 1 8 2008

CLERK OF THE SUPERIOR COURT
By **M. Hayes**
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG08373829

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shawn Ridgell                    Oakland, CA 94612
Ridgell & Lawlor LLP             (510) 986-1300
2128 Broadway

DATE:   MAR 1 3 2008   PAT S. SWEETEN        Clerk, by            **M. Hayes**           , Deputy
*(Fecha)*                          *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
*Martin Dean's Essential Forms* ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

ALLEN ~ R&L~38



EXHIBIT A
PAGE 10 OF 10

4-03-2008 2:48PM    FROM 510 9861301    P.3

```
 1  Shawn Ridgell (State Bar No. 201179)
    RIDGELL & LAWLOR LLP
 2  2128 Broadway                                    ENDORSED
    Oakland, Ca 94612                                  FILED
 3  (510) 986-1300                                 ALAMEDA COUNTY

 4  Attorneys for Plaintiff JOHN ALLEN              MAR 1 8 2008

 5                                            CLERK OF THE SUPERIOR COURT
                                                     M. Hayes
 6                                            By _____
                                                                  Deputy
 7
```

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

(Unlimited Jurisdiction)

```
11  JOHN ALLEN,                )      ACTION NO: RG08373829
                               )
12              Plaintiff,     )      FIRST AMENDED COMPLAINT FOR
                               )      DAMAGES FOR NEGLIGENT
13                             )      INTERFERENCE WITH PROSPECTIVE
          v.                   )      ECONOMIC ADVANTAGE &
14                             )      VIOLATION OF THE FAIR CREDIT
    HOMEQ SERVICING INC.,      )      BILLING ACT [15 U.S.C. §1666(a)(B)(ii),
15  DOES 1 TO 50,              )      12 CFR §226.13]
                               )
16              Defendant.     )
                               )
17                             )
                               )
18  _____  )
```

19    Plaintiff John Allen ("Allen") alleges:

20    1.    Allen is, and at all times herein mentioned was, a resident of Alameda

21    County, California.

22    2.    Defendant HomEq Servicing Inc. is, and at all times herein mentioned, was, a

23    corporation located in Sacramento, California, and organized and existing under the

24    laws of the State of California as a real estate loan company.

25    3.    Allen is ignorant of the true names and capacities of defendants sued herein

26    as DOES 1 TO 50, inclusive, and therefore sues these defendants by these fictitious

27    names. Allen will amend this complaint to allege their true names and capacities

28    when ascertained. Allen is informed and believe and thereon alleges that each of

EXHIBIT A
PAGE 7 OF 10

1    the fictitiously named defendants is responsible in some manner for the occurrences

2    alleged in this complaint, and that Allen's damages as alleged were proximately

3    caused by such defendants.

4    4.      In committing the acts alleged in this complaint, each defendant was the agent,

5    and employee of each other defendant and was acting within the scope of that agency

6    and capacity. The conduct of each defendant was ratified by each co-defendant.

7    5.      On or about February, 2007, Allen attempted to enter into an agreement with

8    Step One Real Estate to purchase a home located at 180 Johnston Road in Sacramento,

9    California, for approximately $429,000. The purchase of this home was contingent upon

10   Allen obtaining the necessary financing. Once Allen had purchased the property

11   at 180 Johnston Road, he was going to rent his current home located in Oakland,

12   California to tenants.

13   6.      On or about March 7, 2007, Allen was denied financing, and as a result of

14   this denial, was unable to purchase the home located at 180 Johnston Road. He was

15   denied financing because there was an entry on Allen's credit report that showed a

16   delinquency on a loan that Defendant provided to Allen. ("Hereinafter referred to as

17   "The Loan"). Defendant reported that the delinquency occurred on November, 2006.

18   Allen entered into the loan contract with Defendant for the purchase of his home in

19   Oakland, California.

20   7.      The entry on Allen's credit report concerning the loan was false. Allen did not

21   miss any payments on his loan, and was not late on making payments.  The loan had

22   been paid in full since August 30, 2006.

23   8.      John Allen contacted Defendant on numerous occasions, in order to resolve the

24   loan dispute. Defendant failed to respond to Allen's numerous communications.

25   9.      Defendant reported to the credit bureau that the loan was delinquent. Defendant

26   made no attempts to resolve the alleged loan delinquency prior to reporting the loan to

27   the credit bureaus. Defendants did not contact Allen prior to reporting the loan as

28                                            2

1   delinquent to the credit bureaus.

2   10.   On October 9, 2007, several months after Allen requested that Defendant correct

3   its billing error concerning the loan, Defendant wrote to Allen. In the letter, defendant

4   admitted that the loan was paid in full on August 30, 2006.

5   11.   As a direct result of the adverse information on Plaintiff's credit report that was

6   false, Allen's credit rating was damaged. Allen has also been denied lower interest rates

7   on other loans, and have lost rental income for his home in Oakland, California.

8                              FIRST CAUSE OF ACTION
                   (Negligent Interference with prospective economic advantage)
9

10   12.   Allen refers to and incorporates herein by reference paragraphs 1 through, 11

11   above.

12   13.   Defendant owed Allen a duty to accurately monitor and bill the loan.

13   Defendant also had a duty to refrain from reporting the loan as delinquent to the credit

14   bureaus until after it made attempts to resolve the loan with Allen.

15   14.   Defendant breached this duty by incorrectly billing the loan account, erroneously

16   reporting the loan to the credit bureaus as delinquent, failing to correct the billing error,

17   and by reporting the loan to credit bureaus before attempting to resolve the loan with

18   Allen.

19   15.   As a direct and proximate result of Defendant's negligence, Allen was damaged

20   in an amount according to proof at trial.

21        WHEREFORE, Allen requests relief as hereinafter provided.

22                            SECOND CAUSE OF ACTION
                         (Violation of the Fair Credit Billing Act)
23

24   16.   Allen refers to and incorporates herein by reference paragraphs 1 through 15,

25   above.

26   17.   Defendant violated the provisions of 15 U.S.C. §1666(a)(B)(ii) and Title 12,

27   §226.13 of the Code of Federal Regulations in connection with the loan in that

28                                        3

EXHIBIT A
PAGE 9 OF 10

1  Defendant failed to timely respond to Allen's inquiries to Defendant in efforts to

2  resolve the billing error. Defendants also erroneously reported the loan as delinquent,

3  to the credit bureaus before attempting to resolve any purported loan delinquencies with

4  Allen.

5  18.    As a result of the above mentioned violations of 15 U.S.C. §1666(a)(B)(ii) and

6  Title 12, §226.13 of the Code of Federal Regulations by Defendant, Allen is entitled to

7  recover from Defendant, the actual damages that Allen sustained pursuant to 15 U.S.C.

8  §1640(a)(1).

9  19.    Under 15 U.S.C. §1640(a)(3), Allen is entitled to recover reasonable attorney's

10  fees and costs incurred in bringing this action in an amount to be determined by the

11  court.

12    WHEREFORE, Allen requests relief as hereinafter provided

13                             PRAYER

14    WHEREFORE, Allen prays for judgment against Defendant as follows:

15  1.    For actual damages, to be determined by the court;

16  2.    For consequential damages;

17  3.    For reasonable attorney's fees;

18  4.    For costs of suit herein incurred; and

19  5.    For any and all other relief that is just and proper.

20  Dated: March 7, 2008                    RIDGELL & LAWLOR LLP

21

22                                        By:_____

23                                        Shawn Ridgell
                                          Attorney for Plaintiff
24                                        JOHN ALLEN

25

26

27

28                                4

1
2
3
4
5
6
7
8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN ALLEN,                              No. C-08-1698 MMC

12          Plaintiff,                       **ORDER GRANTING DEFENDANT'S
                                             MOTION TO DISMISS; DISMISSING
13     v.                                    FIRST AMENDED COMPLAINT;
                                             GRANTING IN PART AND DENYING IN
14  HOMEQ SERVICING INC.,                    PART PLAINTIFF'S REQUEST FOR
                                             LEAVE TO FILE SECOND AMENDED
15          Defendant                        COMPLAINT; CONTINUING CASE
    _____/               MANAGEMENT CONFERENCE**
16

17

18          Before the Court is defendant's "Motion to Dismiss Complaint," filed April 4, 2008, as

19  amended April 11, 2008.  Plaintiff has filed opposition, to which defendant has replied.

20  Plaintiff, with leave of court, has filed a sur-reply.  Having read and considered the papers

    filed in support of and in opposition to the motion, the Court rules as follows.[1]
21
            1.  Plaintiff's First Cause of Action, by which plaintiff alleges a claim for negligent
22
    interference with prospective economic advantage, is subject to dismissal for the reason
23
    that plaintiff fails to allege any facts to support a finding that (1) "an economic relationship
24
    existed between the plaintiff and a third party which contained a reasonably probable future
25
    economic benefit or advantage to plaintiff," and (2) "defendant knew of the existence of the
26
    relationship."  See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764,
27

28          [1]By order filed May 19, 2008, the Court took the matter under submission as of June
    3, 2008.

United States District Court
For the Northern District of California

1    786 (1997).

2        2.  Plaintiff's Second Cause of Action, by which plaintiff alleges a claim for violation

3    of 15 U.S.C. § 1666(a)(B)(ii), is subject to dismissal for the reason plaintiff fails to allege

4    defendant sent plaintiff a statement, let alone a statement containing a billing error.  See 15

5    U.S.C. § 1666(a) (setting forth obligations of "creditor" upon receiving notice from "obligor"

6    that statement sent by creditor to obligor contained billing error).

7        3.  Plaintiff's request, made in his opposition and in his sur-reply, for leave to file a

8    Second Amended Complaint will be granted in part and denied in part, as follows:

9            a.  Plaintiff will be afforded leave to amend to cure the deficiencies identified

10   above with respect to the First Cause of Action.  In so amending, however, plaintiff must

11   give "fair notice" of the nature of the economic relationship that is alleged to have existed

12   between plaintiff and a third party.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,

13   1964 (2007) (providing plaintiff, to avoid dismissal for failure to state a claim, must allege

14   sufficient facts to provide "fair notice of what the claim is and the ground upon which it

15   rests").

16           b.  Plaintiff will be afforded leave to plead a cause of action alleging a

17   violation of 15 U.S.C. § 1638.  In so amending, however, plaintiff must give fair notice of the

18   nature of any claimed failure(s) to disclose.  See 15 U.S.C. § 1638(a) (identifying specific

19   "items" creditor is obligated to disclose).

20           c.  To the extent plaintiff seeks leave to allege a cause of action under 15

21   U.S.C. §§ 1637(b), 1666(b)(6), and/or 1666a, plaintiff's request will be denied.  Specifically,

22   for the reasons stated by defendant, such statutes apply only to "open end consumer credit

23   plans," and the mortgage at issue is not an open end consumer credit plan.  See 15 U.S.C.

24   § 1602(i) (defining "open end consumer credit plan" as plan under which "creditor

25   reasonably contemplates repeated transactions"); McAnaney v. Astoria Financial Corp.,

26   2007 WL 2702348, *6 (E.D. N.Y. 2007) (holding "completed loan like a mortgage" is

27   "closed-end credit" transaction) (citing cases).

28   //

2

**CONCLUSION**

For the reasons stated above:

1. Defendant's motion to dismiss is hereby GRANTED, and the First Amended Complaint is hereby DISMISSED with leave to amend as set forth above.

2. Plaintiff's Second Amended Complaint, if any, shall be filed no later than July 24, 2008.

3. The Case Management Conference is hereby CONTINUED from July 25, 2008 to September 12, 2008. A Joint Case Management Statement shall be filed no later than September 5, 2008.

**IT IS SO ORDERED.**

Dated: June 30, 2008

MAXINE M. CHESNEY
United States District Judge

3

EXHIBIT B
PAGE 3 OF 3

1   Shawn Ridgell (State Bar No. 201179)
    RIDGELL & LAWLOR LLP
2   2128 Broadway
    Oakland, Ca 94612
3   (510) 986-1300

4   Attorneys for Plaintiff JOHN ALLEN

5

6

7

8                   UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN ALLEN,                    )    **ACTION NO: C-08-1698 MMC**
                                   )
12                                 )    **SECOND AMENDED COMPLAINT FOR**
          Plaintiff,               )    **DAMAGES FOR NEGLIGENT**
13                                 )    **INTERFERENCE WITH PROSPECTIVE**
          v.                       )    **ECONOMIC ADVANTAGE, VIOLATION**
14                                 )    **OF THE UNFAIR COMPETITION ACT**
    HOMEQ SERVICING INC.,          )    **[CAL. BUS. & PROF. CODE §17200], &**
15  DOES 1 TO 50,                  )    **WILLFUL MISCONDUCT**
                                   )
16        Defendant.               )    **[JURY TRIAL DEMANDED]**
                                   )
17                                 )
                                   )
18  _____ )

19        Plaintiff John Allen ("Allen") alleges:

20  1.     Allen is, and at all times herein mentioned was, a resident of Alameda

21  County, California.

22  2.     Defendant HomEq Servicing Inc. is, and at all times herein mentioned, was, a

23  California corporation located in Sacramento, California, and organized and existing

24  under the laws of the State of California as a real estate loan company.

25  3.     Allen is ignorant of the true names and capacities of defendants sued herein

26  as DOES 1 TO 50, inclusive, and therefore sues these defendants by these fictitious

27  names. Allen will amend this complaint to allege their true names and capacities

28  when ascertained. Allen is informed and believe and thereon alleges that each of

EXHIBIT C
PAGE 1 OF 6

1  the fictitiously named defendants is responsible in some manner for the occurrences

2  alleged in this complaint, and that Allen's damages as alleged were proximately

3  caused by such defendants.

4  4.    In committing the acts alleged in this complaint, each defendant was the agent,

5  and employee of each other defendant and was acting within the scope of that agency

6  and capacity. The conduct of each defendant was ratified by each co-defendant.

7  5.    Defendant's conduct was carried out by a managing agent, or by an officer or

8  director of defendant. A managing agent, officer, or director of defendant authorized

9  and ratified each defendant's conduct.

10  6.    On or about February, 2007, Allen made an offer to purchase a home located at

11  180 Johnston Road in Sacramento, California. Step One Real Estate acted as the broker

12  in this transaction. Once Allen had purchased the property at 180 Johnston Road, he was

13  going to rent his current home located in Oakland, California.

14  7.    On or about March 7, 2007, Allen was denied financing, and as a result of

15  this denial, was unable to purchase the home located at180 Johnston Road. He was

16  denied financing because there was an entry on Allen's credit report that showed a

17  delinquency on a loan that Defendant provided to Allen. ("Hereinafter referred to as

18  "The Loan"). Defendant reported that the delinquency occurred on November, 2006.

19  Allen entered into the loan contract with Defendant for the purchase of his home in

20  Oakland, California.

21  8.    The entry on Allen's credit report concerning the loan was false. Allen did not

22  miss any payments on his loan, and was not late on making payments.  The loan had

23  been paid in full since August 30, 2006.

24  9.    From March 7, 2007 until October 5, 2007, Allen contacted Defendant by

25  telephone and by letter, requesting that defendant have the negative credit information

26  concerning the loan removed from his credit report. Defendant failed to have this credit

27  information removed .

28

2

EXHIBIT  C
PAGE  2  OF  6

1  10.   On October 9, 2007, several months after Allen initially requested that Defendant

2  have the negative credit information concerning the loan removed from his credit report,

3  Defendant wrote to Allen. In the letter, defendant admitted that the loan was paid in full

4  on August 30, 2006. In another letter dated October 17, 2007, defendant promised Allen

5  that it instructed the credit bureaus to remove any negative information on Allen's credit

6  report regarding the loan. To this date, defendant has failed to instruct the credit

7  reporting agencies to remove the false and negative information concerning the loan.

8  11.   As a direct result of defendant's false report to the credit bureaus indicating that

9  Allen's loan was delinquent, Allen's credit rating was damaged. Allen has also been

10  denied lower interest rates on other loans, and has lost rental income for his home in

11  Oakland, California.

12                          **FIRST CAUSE OF ACTION**
                **(Negligent Interference with prospective economic advantage)**
13

14  12.   Allen refers to and incorporates herein by reference paragraphs 1 through, 11

15  above.

16  13.   Defendant owed Allen a duty to accurately monitor and bill the loan.

17  Defendant also had a duty to refrain from reporting Allen's loan as delinquent to the

18  credit bureaus if the loan was not delinquent.

19  14.   Defendant breached this duty by incorrectly billing the loan account, erroneously

20  reporting the loan to the credit bureaus as delinquent, and failing to instruct the credit

21  bureaus to remove any negative information concerning the loan.

22  15.   As a direct and proximate result of Defendant's negligence, Allen was damaged

23  in an amount according to proof at trial.

24          WHEREFORE, Allen requests relief as hereinafter provided.

25  / / / / / /

26  / / / / / /

27  / / / / / /

28                                 3

EXHIBIT C
PAGE 3 OF 6

**SECOND CAUSE OF ACTION**
**(Violation of the Unfair Competition Act)**

16.    Allen refers to and incorporates herein by reference paragraphs 1 through 15, above.

17.    Beginning on or about November, 2006, defendant committed the following acts of unfair competition, as defined by the California Business Code §17200:

     (A) Falsely and carelessly reporting Allen's loan to the credit bureaus as delinquent when his loan was paid in full;

     (B) Failing to instruct the credit bureaus to remove all negative information concerning Allen's loan;

     (C) Falsely representing to Allen that it would have removed all negative information on Allen's credit report concerning the loan.

18.    The acts described above were likely to mislead the public and therefore constitute unfair, fraudulent, and misleading acts within the meaning of California Business and Professions Code §17200. These acts were unfair because they were committed in conscious disregard of Allen's rights under the loan agreement and the laws of the state of California.

19.    Defendant was negligent regarding the acts described above, and therefore the acts are unlawful business acts within the meaning of California Business & Professions Code §17200. The acts are likely to mislead the public. Defendant represents to its customers that it will accurately monitor and bill its customers' loan accounts and resolve any account discrepancies in a timely manner when in fact defendant fails to do so.

20.    The unfair, unlawful, and fraudulent business practices of defendant are likely to continue and therefore will continue to mislead the public by defendant's false representations that they will accurately monitor and bill customer accounts and promptly resolve account disputes. Such misrepresentations present a continuing

4

EXHIBIT C
PAGE 4 OF 6

1  threat to the public.

2  21.    Allen has standing to bring this cause of action in that he has suffered injury

3  in fact, as described above, and has lost money and property as a result of defendant's

4  misconduct.

5  22.    Allen is entitled to an injunctive order requiring that defendant instruct the

6  credit bureaus to remove the negative information on Allen's credit report concerning

7  the loan.

8  23.    Allen is entitled to attorney fees under Cal. Code Civ. Proc. §1021.5.

9          WHEREFORE, Allen requests relief as hereinafter provided.

10                         **THIRD CAUSE OF ACTION**
                              **(Willful Misconduct)**
11

12  24.    Allen refers to, and incorporates herein by reference paragraphs 1 through 23

13  above.

14  25.    Allen had obtained a loan from defendant for the purchase of his home

15  in Oakland, California. Therefore, defendant had a duty to accurately monitor and bill

16  his loan account and to resolve any and all errors that it commits concerning the billing

17  of his account in a timely manner.

18  26.    Defendant breached all of its duties mentioned in this complaint to Allen. These

19  breaches were committed in reckless disregard for the probability that Allen would be

20  severely damaged if defendant did not carefully adhere to its duties. Defendant knew or

21  should have known that there was a probability that Allen would be severely damaged

22  from the failure to adhere to its duties. Defendant also knew or should have known that

23  the failure to have removed all adverse information on Allen's credit report concerning

24  the loan would result in Allen sustaining serious financial injury.

25  27.    As a legal result of defendant's conduct, Allen's credit rating was damaged.

26  Allen has also been further damaged because he was denied lower interest rates on other

27  loans, and has lost rental income for his home in Oakland, California.

28                                    5

EXHIBIT C
PAGE 62 OF 6

28.    In breaching its duties to Allen, defendant acted with malice and oppression, and an award of punitive damages in a sum according to proof at trial is justified, warranted, and appropriate.

WHEREFORE, Allen requests relief as hereinafter provided.

## PRAYER

WHEREFORE, Allen prays for judgment against Defendant as follows:

1.    For actual damages, to be determined by the court;

2.    For consequential damages;

3.    For reasonable attorney's fees;

4.    For punitive damages;

5.    For costs of suit herein incurred; and

6.    For any and all other relief that is just and proper.

Dated: July 17, 2008                              RIDGELL & LAWLOR LLP


                                                  By:___/s/_____
                                                      Shawn Ridgell
                                                      Attorney for Plaintiff
                                                      JOHN ALLEN

6

EXHIBIT____C___
PAGE __6__ OF _6___

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JOHN ALLEN,                        No. C-08-1698 MMC
12            Plaintiff,                **ORDER REMANDING ACTION**
13      v.
14   HOMEQ SERVICING INC.,
15            Defendant
                                    /
16
17        On March 28, 2008, defendant removed the above-titled action to federal district
18   court, on the basis of federal question jurisdiction.  At the time of the removal, the operative
19   complaint was the First Amended Complaint, which contained one cause of action arising
20   under federal law, specifically, a claim under 15 U.S.C. § 1666(a), and one cause of action
21   arising under state law, specifically, a claim for negligent interference with prospective
22   economic advantage.
23        By order filed June 30, 2008, the Court dismissed the First Amended Complaint,
24   finding plaintiff had failed to state a claim under either federal or state law, and afforded
25   plaintiff leave to amend.  On July 17, 2008, plaintiff filed his Second Amended Complaint, in
26   which plaintiff has realleged his state law claim for negligent interference with prospective
27   economic advantage and has added two new causes of action, each of which arises under
28   state law.  Plaintiff has not realleged his federal cause of action, however, nor has plaintiff

EXHIBIT D
PAGE 1 OF 2

1    added any new cause of action arising under federal law.  As a result, the Court's

2    jurisdiction over each cause of action in the Second Amended Complaint is supplemental in

3    nature.

4         Where a district court "has dismissed all claims over which it has original

5    jurisdiction," the court may decline to exercise supplemental jurisdiction over the remaining

6    claims.  See 28 U.S.C. § 1367(c)(3).  Here, the sole federal claim having been dismissed,

7    the Court now declines to exercise supplemental jurisdiction over the remaining state law

8    claims.

9         Accordingly, the instant action is hereby REMANDED to the Superior Court of

10    California, in and for the County of Alameda.

11    **IT IS SO ORDERED.**

12

13    Dated: July 22, 2008

14                                        MAXINE M. CHESNEY
                                          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EXHIBIT 1
PAGE 2 OF 2



# State of Delaware
### The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware : [_____] [GO]     Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results

## Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | |
|---|---|---|
| File Number: | 3795732 | Incorporation Date / Formation Date: 04/27/2004 (mm/dd/yyyy) |

Entity Name: **BARCLAYS CAPITAL REAL ESTATE INC.**

Entity Kind: **CORPORATION**    Entity Type: **GENERAL**

Residency: **DOMESTIC**    State: **DE**

**REGISTERED AGENT INFORMATION**

Name: **THE CORPORATION TRUST COMPANY**

Address: **CORPORATION TRUST CENTER 1209 ORANGE STREET**

City: **WILMINGTON**    County: **NEW CASTLE**

State: **DE**    Postal Code: **19801**

Phone: **(302)658-7581**

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like    Status    Status,Tax & History Information    Submit

Back to Entity Search

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov

EXHIBIT E
PAGE 1 OF 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUL 11, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BARCLAYS CAPITAL REAL ESTATE INC. | | |
| **Number:** C2655025 | **Date Filed:** 5/25/2004 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 200 PARK AVE | | |
| NEW YORK, NY 10166 | | |
| **Agent for Service of Process** | | |
| C T CORPORATION SYSTEM | | |
| 818 WEST SEVENTH ST | | |
| LOS ANGELES, CA 90017 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

EXHIBIT F
PAGE 1 OF 1

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On August 7, 2008, I served the following document described as:

**NOTICE OF REMOVAL OF ACTION BASED UPON DIVERSITY JURISDITION [28 U.S.C. § 1441(b)]**

On the following interested parties in this action:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300
*Attorneys for Plaintiff*

**[X]**    <u>VIA MAIL</u> -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 7, 2008, at Irvine, California.

Sherie L. Cleeré

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\notice removal.2.doc