1  Eric D. Houser (SBN 130079)
2  J. Owen Campbell (SBN 229976)
   HOUSER & ALLISON
3  A Professional Corporation
   9970 Research Drive
4  Irvine, California 92618
   Telephone: (949) 679-1111
5  Facsimile: (949) 679-1112
   ocampbell@houser-law.com
6
   Attorneys for Defendant,
7  BARCLAYS CAPITAL REAL ESTATE, INC.
   dba HOMEQ SERVICING,
8  erroneously sued herein as HOMEQ SERVICING INC.
9
10              UNITED STATES DISTRICT COURT
11           NORTHERN DISTRICT OF CALIFORNIA
12  JOHN ALLEN,                       )  Case No.: 3:08-cv-03798-JL
                          Plaintiff,  )
13                                    )  NOTICE OF MOTION AND
    v.                                )  MOTION TO DISMISS PORTIONS
14                                    )  OF SECOND AMENDED
                                      )  COMPLAINT; MEMORANDUM
15  HOMEQ SERVICING INC.,             )  OF POINTS AND AUTHORITIES
                                      )  IN SUPPORT THEREOF
16                        Defendant.  )
                                      )  [F.R.C.P. 12(b)(6)]
17                                    )
                                      )  Hearing Date: September 24, 2008
18                                    )  Hearing Time: 9:30 a.m.
                                      )  Place: Courtroom F, 15th Floor
19                                    )  450 Golden Gate Avenue
                                      )  San Francisco, CA 94102
20                                    )
21  ———————————————————————
22      TO PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN:
23      PLEASE TAKE NOTICE that on September 24, 2008 at 9:30 a.m. or as
24
25  soon thereafter as the matter may be heard in Courtroom F of the above-entitled
26  court located at 450 Golden Gate Avenue, San Francisco, CA 94102 Defendant
27  BARCLAYS CAPITAL REAL ESTATE, INC. dba HOMEQ SERVICING,
28

erroneously sued herein as HOMEQ SERVICING INC. ("Homeq"), will and hereby does move the Court to dismiss Plaintiff's First claim for relief contained in the Second Amended Complaint with prejudice.

The motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief against Defendant.  The motion will be based upon this notice of motion, the attached memorandum of points and authorities, all pleadings and documents filed herein, and any argument that may be presented or any matters of which judicial notice is requested or proper.

DATED: August 15, 2008    HOUSER & ALLISON
A Professional Corporation


By:   /s/ J. Owen Campbell
        Eric D. Houser
        J. Owen Campbell
Attorneys for Defendant
BARCLAYS CAPITAL REAL ESTATE, INC.
dba HOMEQ SERVICING, erroneously sued
herein as HOMEQ SERVICING INC.

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.2.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Plaintiff's claim for negligent interference with prospective economic advantage still fails to state a claim for relief after the Court previously dismissed with leave to amend. Plaintiff's Second Amended Complaint ("SAC") still does not allege the facts specifically required by the Court's Order dismissing the First Amended Complaint ("FAC") with leave to amend. For these reasons, Plaintiff's first claim for relief should be dismissed with prejudice.

## II.    The Facts Alleged In the Second Amended Complaint Fail To Correct the First Claim for Relief

The Court's June 30, 2008 Order that granted Defendant Barclays Capital Real Estate, Inc. dba Homeq Servicing's ("Homeq") motion to dismiss granted in part Plaintiff's request for leave to file a second amended complaint. The Court held that the first claim for relief for negligent interference with prospective economic advantage failed because:

> plaintiff fails to allege any facts to support a finding that (1) "an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff;" and (2) "defendant knew of the existence of the relationship." See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 786 (1997).

The Court granted leave to amend for Plaintiff to cure those deficiencies. Plaintiff has failed to do so.

The SAC changed paragraph 6 of the SAC (which was paragraph 5 of the FAC) from "Allen attempted to enter into an agreement with Step One Real Estate to purchase a home . . ." to "Allen made an offer to purchase a home . . . Step One Real Estate acted as the broker in this transaction." The SAC does not allege that the offer was ever accepted.

Further, the SAC does nothing to address the second deficiency identified in the Court's Order, the lack of allegation that Defendant knew of the existence of the relationship. The SAC does not contain this allegation because there would be no reasonable basis for such an allegation.

Plaintiff fails to state a claim of relief for negligent interference with prospective economic advantage because the SAC contains the same deficiencies as the FAC: first, Plaintiff was not in a contract or economic relationship with a third party; and second, Plaintiff does not and cannot allege that Homeq knew of the existence of the relationship.

The tort alleged simply does not apply to the alleged set of circumstances. "The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair

competition." <u>Settimo Assoc. v. Environ Systems, Inc.</u>, 14 Cal. App. 4th 842, 845 (1993).

Negligent interference with prospective economic advantage is established where a plaintiff demonstrates that: (1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship. <u>North Am. Chem. Co. v. Superior Court</u>, 59 Cal. App. 4th 764, 786 (1997); <u>see also</u> <u>Youst v. Longo</u>, 43 Cal. 3d 64, 71 n.6 (1987).

Here, the SAC alleges that Plaintiff "made an offer to purchase a home . . . ." <u>See</u> SAC ¶ 6. The SAC does not allege that the offer was ever accepted by the owner. Therefore, the SAC does not allege any actual business or economic relationship with the owner of the property; the complaint instead alleges some hope for a deal to purchase Plaintiff's desired property. Additionally, Plaintiff's

---

allegation in the FAC that "Allen **attempted to enter into an agreement** . . . to purchase a home" is an admission that there was, in fact, no actual business relationship or contract in existence.  <u>See</u> FAC ¶ 5 (emphasis added).  California law does not permit such speculative, potential business relationships to form the basis of the tort of negligent interference with prospective economic advantage.  As its name states, the tort is for the interference with the prospective *advantage*, not a prospective relationship; the economic relationship must be in existence.

Further, Plaintiff does not and cannot allege Homeq knew of his purported business relationship, which is an additional element of the tort negligent interference with prospective economic advantage.  Plaintiff was already granted leave to amend this claim for relief to correct these deficiencies.  Because Plaintiff fails with regard to two specific elements of the claim for relief alleged, including after the Court's Order specifically identified the deficiencies, the claim for negligent interference with prospective economic advantage must be dismissed with prejudice.

## III.    CONCLUSION

Plaintiff's allegations in the SAC demonstrate that Plaintiff cannot state a claim for relief for negligent interference with prospective economic advantage since there was no existing economic relationship with a third party, and because the alleged facts demonstrate Homeq had no knowledge of the proposed economic

---

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.2.doc

relationship.  Further, Plaintiff has already been granted an opportunity to correct

those deficiencies.  Therefore, Plaintiff's claim for negligent interference with

prospective economic advantage should be dismissed with prejudice.


DATED: August 15, 2008             HOUSER & ALLISON
                                   A Professional Corporation


                                   By:    /s/ J. Owen Campbell
                                        Eric D. Houser
                                        J. Owen Campbell
                                   Attorneys for Defendant
                                   BARCLAYS CAPITAL REAL ESTATE, INC.
                                   dba HOMEQ SERVICING, erroneously sued
                                   herein as HOMEQ SERVICING INC.

---

**MOTION TO DISMISS**

7

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On August 15, 2008, I served the following document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

On the following interested parties in this action:

Shawn Ridgell
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300
*Attorneys for Plaintiff*

**[X]**    <u>VIA MAIL</u> -- By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 15, 2008, at Irvine, California.


<u>/s/ Sherie Cleeré</u>
Sherie L. Cleeré

---

**MOTION TO DISMISS**
8

I:\CIVIL\HOMEQ\Allen (43730)\pldgs\motion dismiss.2.doc