Shawn Ridgell (State Bar No. 201179)
RIDGELL & LAWLOR LLP
2128 Broadway
Oakland, CA 94612
(510) 986-1300

Attorneys for Plaintiff JOHN ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN<br><br>    Plaintiff,<br><br>    v.<br><br>HOMEQ SERVICING INC.,<br>DOES 1 TO 50,<br><br>    Defendant. | ACTION NO: C-08-03798 MMC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT**<br><br>Date:    October 10, 2008<br>Time:    9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>           450 Golden Gate Ave.<br>           San Francisco, CA 94102 |

## I. INTRODUCTION

Plaintiff John Allen ("Allen") requests that the Court issue an Order denying Defendant Homeq Servicing Inc's ("Defendant") motion to dismiss the first cause of action for negligent interference of prospective advantage contained in Allen's second amended complaint. Allen has alleged sufficient facts to show that an economic relationship existed between Allen and a third party that contained a reasonably probable future economic advantage. However, if the Court finds that Allen has not alleged sufficient facts to state his cause of action for negligent interference with prospective economic advantage, Allen requests that the Court grant him leave to amend the complaint.

## II. DISCUSSION

**A.    ALLEN REQUESTS THAT THE COURT DENY DEFENDANT'S MOTION TO DISMISS WITH RESPECT TO THE FIRST CAUSE OF ACTION FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.**

Defendant argues that Allen cannot assert a cause of action for negligent interference with prospective economic advantage because (1) Allen has not alleged an existing contractual or economic relationship with a third party, and (2) Defendant had no knowledge of any contractual or economic relationship between Allen and a third party. Defendant's contentions are without merit.

The courts interpret the term "Economic relationship" broadly. In order to state a cause of action for interference with a prospective advantage, a party only needs to show "A colorable economic relationship between the plaintiff and a third party *with the potential to develop into a full contractual relationship*." Aydin Corp. v. Loral Corp. (9th Cir 1983) 718 F2d 897, 904 (Emphasis added); Buckaloo v. Johnson (1975) 14 Cal. 3d 815, 823, 122 Cal. Rptr. 745. Defendant's argument that Allen's second amended complaint does not allege an actual business or economic relationship with a third party is specious. In Lowell v. Mother's Cake & Cookie Co., (1978) 79 Cal. App. 3d 13, 144 Cal. Rptr. 664, the plaintiff was the sole proprietor of a business that he wanted to sell. He received several offers from potential buyers. One buyer made a $200,000 offer to purchase the business. The offer was contingent on the company continuing its business dealings with defendant. Defendant interfered with the completion of the agreement between the plaintiff and the prospective buyer by telling the buyer that it would discontinue its business dealings if the company was sold to a third party. The prospective buyer decided not to purchase the business, and the company was eventually sold to defendant for a mere $17,400. The court found that these facts that were alleged in the complaint established that defendant interfered with plaintiff's prospective advantageous business relationship. The court in Lowell found that an offer to purchase

1  a business was sufficient to constitute an actionable claim for interference with
2  prospective economic advantage even though the offer to purchase the business was not
3  accepted.
4      Here, Allen alleges that he made an offer to purchase the home located in
5  Sacramento, California (Second Amended Complaint at ¶6). The purchase of the home
6  was contingent upon Allen obtaining the necessary financing to purchase the
7  Sacramento home. Allen further alleges that "On or about March 7, 2007, [He] was
8  denied financing, and as a result of this denial, was unable to purchase the home
9  located at 180 Johnston Road." (Second Amended Complaint at ¶7) An economic
10 relationship existed between Allen, the owner of the home in Sacramento, and Step One
11 Real Estate when Allen made an offer to purchase the Sacramento home. Allen's
12 offer to purchase the Sacramento home had the potential to develop into a full
13 contractual relationship. This transaction did not develop into a contractual relationship
14 because defendant interfered with Allen's prospective economic advantage in two
15 respects. Defendant interfered with Allen's attempts to purchase the home in
16 Sacramento by reporting Allen's loan with defendant as delinquent when the loan was
17 paid in full. The interference continued when defendant failed to have this false and
18 derogatory information removed from Allen's credit report (Second Amended
19 Complaint at ¶¶9, 10). There is no requirement that the offer has to be accepted in order
20 to state a claim for negligent interference with prospective economic advantage. In fact,
21 Allen's offer was never accepted because of defendant's interference with the purchase
22 of the Sacramento home. Therefore, a colorable, economic relationship existed between
23 Allen and the other parties to the transaction.
24     Allen rejects defendant's contention that he cannot show that defendant knew
25 that Allen made an offer to purchase the Sacramento home. Allen can allege that
26 defendant knew of the existence of the economic relationship between he and the other
27 parties. The omission of this allegation in the second amended complaint was the result
28

of an oversight on the part of the attorneys for Allen (Ridgell declaration at ¶2). In two of Allen's numerous attempts to contact defendant in efforts to have the credit report error resolved, Allen informed defendant that he needed the false, derogatory information removed from his credit report because he was trying to purchase the Sacramento home, and this negative credit entry prevented Allen from obtaining the necessary financing to purchase the Sacramento home. Also, on or about September 4, 2007, Allen had participated in a conference call with defendant and Step One Real Estate. At that time, both Allen and Step One told defendant that Allen had attempted to purchase the Sacramento home but was unable to because defendant reported Allen's loan as delinquent when it was paid in full. As a real estate loan company, defendant knew or should have known that its failure to correct its mistake would cause Allen to lose the future economic benefit that he would have gained if not for defendant's incompetence in billing Allen's loan account.

Therefore, because Allen can allege that defendant knew of the economic relationship between he and the other parties, Allen requests leave to amend the complaint to include those allegations.

**B.     IF THE COURT FINDS THAT ALLEN HAS NOT STATED SUFFICIENT FACTS TO SUPPORT HIS CAUSE OF ACTION, ALLEN REQUESTS THAT THE COURT GRANT HIM LEAVE TO AMEND**

The Fed. R. Civ. Proc. 15(a) provides that a party may amend a pleading "Only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave to amend should only be denied if the court determines that "Allegations of other facts consistent with the challenged pleading could not possibly cure the defect." Schreiben Distributing Co. v. Serv-Well Furniture Co. (9th Cir. 1986)

Here, Allen requests that the Court grant him leave to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure in order for him to state

4

sufficient facts to support his cause of action for negligent interference with prospective economic advantage. The allegations concerning defendant's knowledge of the existence of the economic relationship between Allen, the owner of the Sacramento home, and Step One Real estate were omitted in the second amended complaint due to an oversight on the part of Allen's attorneys. Because the defects in the second amended complaint are capable of being cured through further amendment, Allen requests that the Court grant him leave to amend the complaint.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Allen's second amended complaint should be denied. Alternatively, Allen requests leave to amend if the Court finds that he has not stated sufficient facts to support his causes of action.

Dated: August 27, 2008                                  RIDGELL & LAWLOR LLP


                                                        By:____/s/_____
                                                            Shawn Ridgell
                                                            Attorney for Plaintiff
                                                            JOHN ALLEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28