1  Shawn Ridgell (State Bar No. 201179)
   RIDGELL & LAWLOR LLP
2  2128 Broadway
   Oakland, Ca 94612
3  (510) 986-1300

4  Attorneys for Plaintiff JOHN ALLEN

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

11 JOHN ALLEN                   )   ACTION NO:   C-08-03798 MMC
                                )
12                              )   **MEMORANDUM OF POINTS &**
          Plaintiff,            )   **AUTHORITIES IN SUPPORT OF**
13                              )   **PLAINTIFF'S MOTION TO REMAND**
       v.                       )   **ACTION TO STATE COURT**
14                              )
                                )   Date:      October 10, 2008
15 HOMEQ SERVICING INC.,        )   Time:      9:00 a.m.
   DOES 1 TO 50,                )   Location:  **Courtroom 7, 19th Floor**
16                              )              **450 Golden Gate Ave.**
          Defendant.            )              **San Francisco, CA 94102**
17                              )
                                )
18                              )
   _____)
19

20                    **I. INTRODUCTION**

21      Plaintiff John Allen ("Allen") requests that the Court issue an Order remanding

22 this action to the Alameda County Superior Court in Oakland, California. The Court

23 does not have jurisdiction over this matter under the doctrines of Federal Question

24 jurisdiction or Diversity Jurisdiction. Diversity jurisdiction is lacking in this matter

25 because defendant Homeq Servicing Inc. ("Defendant") has not, and cannot show that

26 the amount in controversy exceeds $75,000.

27 / / / / /

28 / / / / /

## II. STATEMENT OF PROCEDURAL HISTORY

On or about February 28, 2008, Allen filed a lawsuit against defendant alleging negligent interference with prospective economic advantage and violation of the Federal Fair Credit Billing Act (15 U.S.C. §1666(a)(B)(ii); 12 C.F.R. §226.13). On or about March 28, 2008, defendant filed a notice of removal to Federal Court based upon Federal Question Jurisdiction. Defendant then filed a motion to dismiss the action. The motion was granted in part, and Allen was granted leave to amend the complaint. Allen filed a second amended complaint on or about July 17, 2008, and dropped his Federal claim for relief. Neither the original complaint nor the subsequent amended complaints included a demand for a specific dollar amount from defendant. On or about July 22, 2008, the Court remanded the action to state court. The Court found that it did not have jurisdiction over this matter because Allen dropped his Federal claim for relief when he filed the second amended complaint. On or about August 8, 2008, defendant filed another notice of removal. Defendant now claims that the Court has diversity jurisdiction over this case.

## III. DISCUSSION

**A.  ALLEN REQUESTS THAT THE COURT REMAND THIS ACTION TO STATE COURT BECAUSE DEFENDANT HAS FAILED TO PROVE THAT THE COURT HAS DIVERSITY JURISDICTION.**

The removal statute (28 U.S.C. §1441) is strictly construed against removal jurisdiction. Boggs v. Lewis (9th Cir 1988) 863 F2d 662, 663. "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." Gaus v. Miles, Inc. (9th Cir 1992) 980 F2d 564, 566 (Emphasis added). The presumption against removal jurisdiction means that the defendant always has the burden of establishing that the removal is proper. Gaus, 863 F2d at 566.

In order for diversity jurisdiction to exist, (1) The plaintiff and defendant must be citizens of different states, and (2) The amount in controversy must exceed $75,000.

28 U.S.C. §1441(b). When a state court complaint does not contain the amount of damages that a plaintiff is seeking, the defendant has the burden of actually proving that the amount in controversy is in excess of $75,000. The defendant must state facts to support the claim that the amount in controversy exceeds $75,000. It is not enough to merely state in a conclusory manner that the amount in controversy meets the jurisdictional limit. Gaus, 980 F2d at 566, 567. The ninth circuit has held that a defendant must prove the jurisdictional amount by a "Preponderance of the evidence." Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 95 F3d 856, 860. Moreover, a defendant cannot rely on plaintiff's settlement demands or statements made during settlement negotiations as proof of the amount in controversy. Gwyn v. Wal-Mart Stores, Inc. (M.D. N.C. 1996) 955 F. Supp. 44, 46.

     Here, defendant has failed to prove that the amount in controversy in this matter exceeds $75,000. Allen's amended complaint does not state the amount of damages that he is seeking from defendant. Defendant contends that the Court has diversity jurisdiction because Allen stated in his initial disclosures that he is claiming $218,000 in damages. Defendant cannot rely on this statement to prove the amount in controversy. The amount that Allen claimed as damages in his initial disclosures was also the amount the he demanded during settlement negotiations. It is clear from case law that an amount demanded by a plaintiff during settlement negotiations cannot be relied upon as evidence of the amount in controversy. Furthermore, defendant, in response to Allen's settlement demand, claimed that any special damages, such as loss of rental income, must be offset by any mortgage payments that Allen would have made on the home that he attempted to purchase. As such, defendant cannot now claim that the amount in controversy in this matter exceeds $75,000. The amount of punitive damages and attorney fees that Allen is seeking are unknown at this time. Defendant has failed to provide any facts to meet its burden of proving the jurisdictional amount. Therefore, the Court should remand this matter to the Alameda County Superior Court.

### IV. CONCLUSION

Based on the foregoing, Allen requests that the Court grant his motion and remand this case to the Alameda County Superior Court in Oakland, California.

Dated: August 27, 2008                              RIDGELL & LAWLOR LLP


                                                    By:_____
                                                        Shawn Ridgell
                                                        Attorneys for Plaintiff
                                                        JOHN ALLEN