1 | Shawn Ridgell (State Bar No. 201179)
RIDGELL & LAWLOR LLP
2 | 2128 Broadway
Oakland, Ca 94612
3 | (510) 986-1300

4 | Attorneys for Plaintiff JOHN ALLEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN ) | ACTION NO:  C-08-03798 MMC |
| ) | |
| ) | **[PROPOSED] ORDER GRANTING** |
| Plaintiff, ) | **PLAINTIFF'S MOTION TO** |
| ) | **REMAND** |
| v. ) | |
| ) | Date:       October 10, 2008 |
| HOMEQ SERVICING INC., ) | Time:       9:00 a.m. |
| DOES 1 TO 50, ) | **Location:  Courtroom 7, 19th Floor** |
| ) | **450 Golden Gate Ave.** |
| Defendant. ) | **San Francisco, CA 94102** |

The Motion to Remand the above-entitled action to the Alameda County Superior Court in Oakland, California, came regularly for hearing on October 10, 2008. Shawn Ridgell appeared as counsel for the plaintiff, and Jeffrey S. Allison appeared as counsel for the defendant. The court, having considered the moving and supporting papers, and good cause appearing therfor,

IT IS ORDERED that:

1.     Plaintiff's motion to remand this matter to the Alameda County Superior Court is GRANTED. Defendant has failed to provide facts to demonstrate that the amount in controversy in this matter exceeds $75,000. A defendant seeking removal based upon diversity jurisdiction must prove the jurisdictional dollar amount by a "Preponderance of

1  the evidence" <u>Sanchez v. Monumental Life Ins. Co.</u> (9th Cir 1996) 95 F3d 856, 860.
2  Defendant has failed to meet this requirement. When claiming that the amount in
3  controversy exceeds $75,000, defendant cannot rely on plaintiff's settlement demands
4  or statements made during settlement negotiations as evidence of the jurisdictional
5  amount. <u>Gwyn v. Wal-Mart Stores Inc.</u> (M.D. N.C. 1996) 955 F. Supp. 44, 46.
6  Dated:

                                                                                                    _____
Hon. Maxine Chesney
U.S. District Court Judge