IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN, | No. C-08-3798 MMC |
|       Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |
|   v. | |
| HOMEQ SERVICING INC., | |
|       Defendant | |

      Before the Court is plaintiff's Motion to Remand, filed August 28, 2008. Defendant has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the papers submitted, VACATES the hearing scheduled for October 10, 2008, and rules as follows.

      Defendant removed the instant case based on diversity of citizenship. Plaintiff does not dispute that the parties are of diverse citizenship; rather, plaintiff argues defendant cannot establish the amount in controversy exceeds $75,000.

      Defendant relies on plaintiff's initial disclosures, in which plaintiff states, "Plaintiff's damages are $218,000 in compensatory damages, plus punitive damages, attorney's fees, cost of suit, and other damages to be determined." (See Ex. to Campbell Decl.) On its

face, said document constitutes sufficient evidence to support a finding that the amount in controversy exceeds $75,000. Plaintiff's first argument, that defendant cannot rely on plaintiff's disclosures because plaintiff made the same demand in settlement negotiations, is unpersuasive. Even assuming a defendant cannot, as plaintiff argues, rely on a settlement demand to establish the amount in controversy,[1] defendant here does not rely on plaintiff's settlement demand. Similarly unpersuasive is plaintiff's additional argument that defendant cannot rely on plaintiff's disclosure because defendant has informed plaintiff that, according to defendant's calculations, plaintiff's compensatory damages are less than $75,000. For purposes of determining the amount in controversy, "[t]he appropriate measure is the litigation value of the case assuming . . . a verdict for the plaintiff on all claims made in the complaint," see Jackson v. American Bankers Ins. Co., 976 F. Supp. 1450, 1454 (S.D. Ala. 1997), not a value assuming a verdict based on the defenses asserted thereto, see Riggins v. Riggins, 415 F. 2d 1259, 1261-62 (9th Cir. 1969).

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] Moreover, the cases declining to consider settlement demands in determining the amount in controversy have concerned offers to compromise the action for amounts falling below, not, as here, above, the jurisdictional threshold. See, e.g., Saunders v. Rider, 805 F. Supp. 17, 19 (E.D. La. 1992).