IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN, | No. C-08-3798 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING FIRST CAUSE OF ACTION; VACATING HEARING** |
| v. | |
| HOMEQ SERVICING INC., | |
| Defendant / | |

Before the Court is defendant's "Motion to Dismiss Portions of Second Amended Complaint," filed August 15, 2008. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers submitted, VACATES the hearing scheduled for October 10, 2008, and rules as follows.

By order filed June 30, 2008, the Court dismissed the First Cause of Action, as alleged in the First Amended Complaint, by which plaintiff alleged a claim for negligent interference with prospective economic advantage, specifically, the purchase of a home located at 180 Johnston Road, Sacramento, California; in so ruling, the Court afforded plaintiff leave to amend to allege "facts to support a finding that (1) 'an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff,' and (2) 'defendant knew of the

existence of the relationship.'" (See Order, filed June 30, 2008, C-08-1698 MMC.) Plaintiff subsequently filed a Second Amended Complaint ("SAC"), in which plaintiff, inter alia, amended his First Cause of Action.

In the SAC, plaintiff again alleges he made an offer on the above-referenced home, and that he did not qualify for financing as a result of false information in his credit report. In particular, plaintiff alleges that defendant, before plaintiff made the offer, had negligently reported the false information to credit reporting agencies and, further, that, after plaintiff made the offer, defendant negligently failed to take any steps to have the credit reporting agencies correct the information.

By the instant motion, defendant seeks an order dismissing the First Cause of Action as set forth in the SAC. Defendant argues that the First Cause of Action remains deficient, for the reason plaintiff has failed to allege facts sufficient to correct either deficiency earlier identified by the Court. The Court agrees.

Specifically, plaintiff fails to allege that the seller was prepared to accept plaintiff's offer, contingent on plaintiff's obtaining financing, nor does plaintiff otherwise allege facts to support a finding that plaintiff's expectancy of an acceptance had progressed to the point where plaintiff could expect a "reasonably probable future economic benefit" from his relationship with the seller. See North American Chemical Co. v. Superior Court, 59 Cal. App. 4th 764, 786 (1997) (setting forth elements of tort of negligent interference with prospective economic advantage). Further, plaintiff fails to allege defendant knew of the relationship, if any, that existed between plaintiff and the seller. See id. Indeed, there are no allegations pertaining to the seller's response to plaintiff's offer or to defendant's knowledge of plaintiff's offer, much less of the seller's response.

In response to the instant motion, plaintiff opposes dismissal and, in the alternative, requests further leave to amend. In connection with such request, plaintiff has submitted a proposed Third Amended Complaint ("proposed TAC").[1] Such proposed TAC is, again,

---

[1] The proposed TAC is attached as Exhibit A to the Declaration of Shawn Ridgell.

deficient, in that plaintiff includes no facts to support a finding he had any expectation his offer would be accepted had he obtained financing,[2] nor can such expectation be reasonably inferred from the allegations therein.  Consequently, leave to amend to file the proposed TAC would be futile.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the First Cause of Action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: October 7, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] The proposed TAC includes an allegation that defendant was aware plaintiff had made an offer on the home. (See Proposed TAC ¶ 10.)

3