IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>HOMEQ SERVICING INC.,<br><br>    Defendant                    / | No. C-08-3798 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFS RE: PLAINTIFF'S MOTION FOR SUBSTITUTION; CONTINUING HEARING** |

Before the Court is plaintiff's Motion for Substitution of Party, filed February 10, 2009. Defendant HomEq Servicing Inc. ("HomEq") has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds it appropriate to afford the parties leave to file supplemental briefs.

On February 28, 2008, the initial complaint in the instant action was filed in state court; the named plaintiffs, specifically, John Allen ("Allen") and Lawrence Holliday ("Holliday"), each alleged HomEq had violated his rights under state and federal law. On March 13, 2008, Holliday's claims were dismissed as a result of the filing of a First Amended Complaint ("FAC"), which named Allen as the sole plaintiff. The FAC, as did the initial complaint, alleges that Allen "is" a resident of Alameda County. (See FAC ¶ 1.) Subsequently, a Second Amended Complaint ("SAC") and, later, a Third Amended

Complaint ("TAC") were filed, naming, in each instance, Allen as the sole plaintiff; each such pleading alleges Allen "is" a resident of Alameda County.  (See SAC ¶ 1; TAC ¶ 1.)

On December 11, 2008, Holliday, through Allen's counsel, filed a Statement of Fact of Death, in which Holliday states Allen died "during the pendency of this action."  (See Statement at 1:21-22.)  By the instant motion, which similarly states "Allen died during the course of this litigation" (see Mem. of P. & A. in Support of Pl.'s Mot. to Substitute Party at 2:8), counsel for Allen requests that Holliday, in his capacity as Allen's personal representative, be substituted herein for Allen, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 25(a)(1) (providing "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party," such as "the decedent's successor or representative").

In its opposition, HomEq offers evidence to support a finding that Allen died before the initial complaint was filed.  (See Campbell Decl. Exs. 1, 2.)  As HomEq points out, substitution for a deceased party is "not available" under Rule 25 where such deceased party "predeceased the filing of the action."  See Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969); see also Andrews v. Lakeshore Rehabilitation Hospital, 140 F.3d 1405, 1407 (11th Cir. 1998) (holding Rule 25 applies only to "transfers of interest occurring during the pendency of the litigation and not to those occurring before the litigation begins"); compare Ambruster v. Monument 3: Realty Fund VIII Ltd., 963 F. Supp. 862, 863, 866 (N.D. Cal. 1997) (granting motion to substitute brought pursuant to Rule 25, where named plaintiff "died shortly after filing the Complaint").

In the reply, counsel for Allen offers no evidence to contradict HomEq's factual showing as to when Allen died, and implicitly concedes the legal issue by stating his reliance on Rule 25 was a "procedural error."  (See Reply at 2:18-19.)  Rather, counsel for Allen argues the Court should treat the instant motion as a motion to amend under Rule 15 to add Holliday as a new party in his capacity as Allen's personal representative, or, alternatively, as a motion to substitute under Rule 17, specifically, to name Holliday as the real party in interest.

      The Court finds that a substitution under Rule 25 is improper in light of Allen's death having occurred before the instant complaint was filed, see Mizukami, 419 F.2d at 1320, and, consequently, the motion is deficient to the extent relief is sought thereunder. Further, as discussed below, the motion is deficient to the extent relief is sought under either Rule 15 or 17.

      To the extent relief is sought under Rule 15, the motion is deficient because a proposed Fourth Amended Complaint has not been submitted and, consequently, the Court cannot determine if "justice so requires" the filing of such proposed pleading. See Fed. R. Civ. P. 15(a)(3); see also Civil L. R. 10-1 (providing party "moving to file an amended pleading" must submit "proposed pleading").

      Second, to the extent relief is sought under Rule 17, the motion is deficient because there is no showing that the decision to name Allen, rather than Allen's personal representative, as the plaintiff was an "honest mistake" nor has the question of whether HomEq would be "prejudiced" by the proposed substitution been addressed. See Esposito v. United States, 368 F.3d 1271, 1276 (10th Cir. 2004) (holding substitution proper under Rule 17, where failure to name real party in interest at time complaint filed is "honest mistake" and where defendant is not prejudiced by substitution); see, e.g., Goodman v. United States, 298 F.3d 1048, 1054 (9th Cir. 2002) (holding purpose of Rule 17 is to "prevent forfeiture of a claim when an honest mistake [is] made"; finding, in wrongful death action, district court properly substituted husband of decedent in his individual capacity in place of himself as plaintiff in his capacity as representative of decedent's estate, where counsel made "understandable pleading error" in believing estate was real party in interest in wrongful death action, and there was "little doubt that the [defendant] was alerted to the interests involved of both the [e]state and the surviving spouse").

      The Court will, however, afford counsel for Allen leave to supplement the instant motion in order to address the deficiencies identified above.

//

//

Accordingly,

1. No later than April 3, 2009, Allen, through counsel, shall file a supplemental brief in support of the instant motion, not to exceed ten pages in length, exclusive of exhibits.[1]

2. No later than April 17, 2009, HomEq shall file any supplemental opposition, not to exceed ten pages in length, exclusive of exhibits.

3. No later than April 24, 2009, Allen shall file any reply, not to exceed five pages in length.

4. The hearing on the motion is hereby CONTINUED to May 8, 2009.

**IT IS SO ORDERED.**

Dated: March 17, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] In support of the instant motion, counsel for Allen filed a declaration, in which counsel states that a copy of Allen's will naming Holliday as Allen's personal representative is attached to the declaration as "Exhibit A." (See Ridgell Decl. ¶ 2.) Counsel did not, however, file such attachment. (See Document No. 49.) If counsel wishes such exhibit to be considered, counsel must file such exhibit in support of his supplemental brief.